Edna EPSTEIN, Appellant,

v.

Shirley D. MESHER, Executrix of the Estate of Jacob Voronoff, Appellee.

No. 18236.

United States Court of Appeals
District of Columbia Circuit.

Argued April 2, 1964.

Decided May 1, 1964.

Mr. Nathan L. Silberberg, Washington, D. C., for appellant.

Mr. Alvin L. Newmyer, with whom Mr. Alvin L. Newmyer, Jr., Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

The will of Jacob Voronoff, which was admitted to probate February 8, 1963, contained this sentence, "It is my intention not to make any provision in my Will for my stepdaughter, Edna Epstein." Within the six-month period permitted by § 19–309, D.C.CODE (1961), Mrs. Epstein filed a caveat alleging she was Voronoff's daughter and praying that the probate of the will be revoked. The executrix moved to dismiss the caveat on the ground that the caveator was not a "person in interest" who may file a caveat under that section.

In answer to interrogatories propounded by the caveatee, Mrs. Epstein stated she was Voronoff's daughter by adoption, although she said, "There were no court proceedings of adoption, to the best of my knowledge." She deposed that the testator treated her as his daughter, that in the school records of the District of Columbia he was listed as her "parent or guardian," that in the 1920 census she was listed as "Edna Voronoff, Daughter, Age 11, enumerated in the family of Jacob and Fannie Voronoff," that in 1927 the local news-

papers announced "the engagement of Miss Edna Voronoff, daughter of Mr. and Mrs. Jacob Voronoff," and that her wedding was arranged and paid for by Voronoff.

From this Mrs. Epstein argued that, under the doctrine of equitable adoption, she was the adopted daughter of the decedent. The District Court held, however, that the statutes relative to the subject create an exclusive method for the legal adoption of children, found that Mrs. Epstein had never been legally adopted, and consequently dismissed the caveat. She appeals.

The only domestic authority cited by the appellant is an unreported decision of the District Court in Estate of Linnie G. Finney, Administration No. 81,052 (1954). There it was held that, as the prospective adoptive parents had contracted with a foundling home in 1892[1] to adopt the child, had taken him into their household and treated him as a member of the family, he should be treated as though he had been adopted, even though formal adoption was never consummated.

We need not and do not decide whether the statutory method of adoption is exclusive, or whether the doctrine of equitable adoption also prevails in the District of Columbia, because under either, Mrs. Epstein must fail: there was no promise or contract to adopt which would support her equitable adoption theory and, admittedly, there was no statutory adoption. Being a stepdaughter only, she was not a person "who would be entitled to or interested in the estate of the testator in case such will had not been executed * * *." § 19–301, D.C. CODE (1961). Hence, she was not a "person in interest" within the meaning of § 309.

Affirmed.

---

1. There was no adoption statute in the District of Columbia at that time.